United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-11305
Summary Calendar

———————————

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

FLOYD DOUGLAS RIGSBY

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-120-1
--------------------

Before KING, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Floyd Douglas Rigsby pleaded guilty to one count of possession of more than 50 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(b), (b)(1)(A). The district court sentenced him to 262 months in prison. Rigsby now appeals the district court's denial of his request for a downward deviation of two levels from the advisory guideline range, a deviation Rigsby contends was warranted because he provided assistance to the Government.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the district court's sentence for reasonableness. See United States v. Booker, 543 U.S. 220, 261-62 (2005). When a sentencing court imposes a sentence within the guideline range, we will infer "that the judge has considered all the factors for a fair sentence set forth in the Guidelines. Given the deference due the sentencing judge's discretion under the Booker/Fanfan regime, it will be rare for a reviewing court to say such a sentence is 'unreasonable.'" United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005).

The court concluded that a sentence at the bottom of the range would be appropriate. The court considered and rejected Rigsby's assertions that his efforts to assist the Government merited an adjustment, noting that Rigsby offered only allegations and not evidence. Nevertheless, the district did consider his arguments in determining where within the range to sentence Rigsby. Further, the sentence of 262 months overlapped with the top of the range that Rigsby requested. Given these facts, and in light of the deference owed the sentencing court, Rigsby has not shown that the sentence imposed was unreasonable.

Rigsby has also filed three pro se motions in which he asks us to hold the appeal in abeyance and to appoint new counsel or, alternatively, allow him to proceed pro se. Counsel, in response to these motions, has filed a motion to withdraw as counsel.

Appointed counsel may be relieved "upon a showing that there is a conflict of interest or other most pressing circumstances or

that the interests of justice otherwise require relief of counsel." FIFTH CIRCUIT PLAN UNDER THE CRIMINAL JUSTICE ACT, § 5(B). Rigsby's unsupported and conclusory expressions of dissatisfaction with counsel's performance are insufficient to satisfy this standard.

For the foregoing reasons, the judgment of the district court is AFFIRMED. The motion to appoint new counsel and the alternative motion to proceed pro se filed by Rigsby, along with counsel's motion to withdraw, are DENIED. Rigsby's motion to hold the appeal in abeyance is DENIED as moot.